UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL PREMO WILLIAMS, | No. 2:22-cv-00302-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA WORKERS COMPENSATION BOARD, et al., | |
| Defendants. | |

The court is in receipt of plaintiff's motion to appoint counsel. ECF No. 11. The court is also in receipt of plaintiff's request to cancel the initial status conference currently set for August 24, 2022. ECF No. 10.

**I.   Motion**

Both plaintiff's motion to appoint council and her request to cancel the status conference are based on her assertion that she has various communication and information retention disabilities. ECF Nos. 10 and 11. Plaintiff asserts she cannot use Zoom. ECF No. 10 at 1.

**II.   Analysis**

In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining

1

whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex, and she has shown herself capable of making filings with the court.  Appointment of counsel therefore is not appropriate.

As to plaintiff's request that the scheduling conference be cancelled, the court will accommodate plaintiff insofar as it will push back the hearing to September 28, 2022 in order to give plaintiff additional time to prepare.  The court will provide a call-in number so that plaintiff does not have to use the videoconference function of Zoom but can appear telephonically.  If plaintiff prefers, she may make a request for an in-person hearing.  The conference will not be cancelled because it is necessary to set case deadlines.  Also, the conference is plaintiff's opportunity to ask questions and for the court to explain the litigation process.

Plaintiff expresses concerns that she is not currently capable of litigating this case. Plaintiff is reminded that she may voluntarily dismiss the case without prejudice (meaning she can bring this case again later), pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), by filing a notice of voluntary dismissal with the Clerk of Court.  However, as noted above, plaintiff has a right to continue in pro se and at this time it appears that she is capable of doing so. Plaintiff's concerns in this regard can be discussed at the scheduling conference.

### III.    Conclusion

Plaintiff's motion to appoint counsel (ECF No. 11) is DENIED.  Plaintiff's request to cancel the initial scheduling conference in this case (ECF No. 10) is also DENIED.  The initial scheduling conference (ECF No. 7) is re-set for September 28, 2022 via Zoom before Magistrate Judge Allison Claire.  Plaintiff may dial in without using video.  The parties shall contact the Courtroom Deputy Jonathan Anderson by phone (916) 930-4199 or by email at

////

////

janderson@caed.uscourts.gov one day prior to the scheduled motion hearing to receive the dial-in information.

IT IS SO ORDERED.

DATED: August 2, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE