UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL PREMO WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA WORKERS COMPENSATION BOARD and THE HOME DEPOT,<br><br>Defendants. | No. 2:22-cv-00302 KJM AC (PS)<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Home Depot's motion to dismiss, ECF No. 13, came on for hearing on November 9, 2022. Plaintiff appeared on her own behalf, and Mae G. Alberto appeared on behalf of Home Depot U.S.A., Inc. ECF No. 23. For the reasons that follow, the undersigned recommends this case be DISMISSED in its entirety for failure to properly serve defendants. Plaintiff's miscellaneous filings are also addressed below.

## I. Background

The 43-page complaint is styled as a removal action, although the proceeding plaintiff attempts to remove is not a lawsuit but a pending workers' compensation matter. See ECF No. 1. The action arises from plaintiff's employment at The Home Depot, an associated on-the-job injury, and subsequent proceedings before the state Workers' Compensation Appeals Board.

ECF No. 1 at 1, 2-3. Plaintiff alleges that she was injured at work due to The Home Depot's negligence, and that she worked for 8 months after her injury before a doctor took her off work. Id. Plaintiff alleges The Home Depot dismissed her from employment for not returning to work in a timely manner. Id. at 3. Plaintiff alleges she has a mental disability and was not given proper accommodations by the Workers' Compensation Board. Id. at 4. Plaintiff's putative causes of action include multiple constitutional violations, violations of the Americans with Disabilities Act and Rehabilitation Act, "prejudice and local influence," "equity of court of chancery," "segregation" and "hate crime." Id. at 1 and *passim*.

The complaint was filed on February 17, 2022. On May 24, 2022, the court issued an Order to Show Cause regarding plaintiff's failure to file proof of service on defendants. ECF No. 4. On June 3, 3033, plaintiff filed a document with affidavits of service attached. ECF No. 5 at 4, 6. The order to show cause was accordingly discharged. ECF No. 9. On September 12, 2022, Home Depot moved for dismissal of this case for insufficient service pursuant to Fed. R. Civ. P. 12(b)(5). ECF No. 13.[1]

## II. Home Depot's Motion to Dismiss

### A. Legal Standards Governing Motions to Dismiss for Insufficient Service

Federal courts do not have jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4. Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982). Rule 4 governs service of process for all suits in federal court and likewise governs the sufficiency of service of process. See generally, Fed. R. Civ. Proc. 4. Rule 4I(1) requires that "[a] summons must be served with a copy of the complaint." The United States Supreme Court has recognized that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or

---

[1] Plaintiff has named the private defendant as The Home Depot. ECF No. 1. Defendant has clarified that it is Home Depot U.S.A. Inc., erroneously sued as The Home Depot. ECF No. 13. The court will refer to the moving defendant simply as Home Depot.

2

other authority-asserting measure stating the time within which the party served must appear and defend." Id. (citations omitted).  Before a federal court may exercise jurisdiction over a defendant, "the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

Although courts have also held that Rule 4 is flexible and should be liberally construed if a party receives sufficient notice of the complaint and the defects in service are minor, United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir.1984), absent substantial compliance with the requirements of Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).  Rule 4(m) of the Federal Rules of Civil Procedure states, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

A motion to dismiss under Rule 12(b)(5) for insufficient service of process "is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." Wasson v. Riverside County, 237 F.R.D. 423, 424 (C.D. Cal. 2006).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).  "If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process." Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).  "Of course, the difference between the two results is not substantial.  In the case of a dismissal, the plaintiff merely reinstitutes the action and has process served again, making sure that the earlier defect in the summons or the mode of service has been corrected.  When process is quashed, only the service need be repeated." 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1354  (3d ed. 2022).

B. Plaintiff Has Not Properly Served Either Defendant

The record includes two affidavits of service, both dated March 1, 2022, and both documenting service of the Complaint—and only the Complaint—in this case.  ECF No. 5 at 4, 6.

1  The first of these affidavits identifies Craig Menear as the person to be served,[2] and avers that
2  personal service was accomplished on William Shelton, "authorized/registered agent for service,"
3  in Atlanta, Georgia.  Id. at 4.  Home Depot has filed a declaration from Quintessa L. Malcom,
4  Manager of Risk Management Claims, who explains that William Shelton is a security manager
5  for Home Depot in Atlanta.  ECF No. 13-1 at 2.  Even assuming that William Shelton is
6  authorized to accept service on behalf of Home Depot, the Malcom declaration and its
7  attachments demonstrate that no summons was served along with the Complaint.  Plaintiff's reply
8  to the opposition fails to address the summons issue.  Because she has not provided evidence that
9  service included a summons, plaintiff has failed to meet her burden of establishing proper service.
10 See Brockmeyer, 383 F.3d at 801.

11      Failure to serve a summons together with the Complaint renders service of process
12 ineffective.  Omni Capital, 484 U.S. at 104.  Accordingly, the court cannot exercise jurisdiction
13 over Home Depot.  This means that plaintiff may not proceed against Home Depot, and the
14 claims against it are subject to dismissal.  Rule 4(m), Fed. R. Civ. P.; Stevens, 538 F.2d at 1389.

15      Plaintiff's service on the State of California and/or its Workers' Compensation Appeals
16 Board[3] is defective for the same reason.  The other affidavit of service provided by plaintiff
17 indicates that the Complaint was to be served on the Office of the Attorney General and that it
18 was personally served on A. Williams, "Sheriff" and person "authorized to accept," at 1300 I
19 Street in Sacramento.  ECF No. 5 at 6.  Another document recently filed by plaintiff represents
20 that the documents served on the Office of the Attorney General were returned to her with a cover
21 letter stating: "These documents were delivered to the Office of the Attorney General in error.
22 We are not authorized to receive documents on behalf of the party you are trying to serve."  ECF
23 No. 16 at 1.  Even absent this evidence of ineffective service, the failure of the proof of service to
24 ////

---

[2] Craig Menear, Home Depot's Chairman and former CEO, is not identified as a defendant in the Complaint.
[3] The Complaint names the State of California Workers' Compensation Appeals Board.  ECF No. 1 at 1.  In a subsequently filed document, plaintiff states that she "isn't suing the Workers' Compensation Appeals Board she is suing the State of California…"  ECF No. 5.

establish service of a summons along with the Complaint renders service defective. See Omni Capital, 484 U.S. at 104.

Because neither defendant was properly served within 90 days of the filing of the Complaint, the entire action is subject to dismissal under Rule 12(b)(5).

### C. Dismissal is Appropriate

Although it is within the court's authority to quash process in the alternative to dismissal, it appears plain to the undersigned that doing so would be futile and would unfairly burden the putative defendants. Because plaintiff paid the filing fee, the Complaint was not subject to screening under 18 U.S.C. § 1915. However, district courts have the authority to dismiss sua sponte where the causes of action do not provide any basis for relief. See Reed v. Lieurance, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (affirming district court's sua sponte dismissal of claim under Rule 12(b)(6), Fed. R. Civ. P.). On its face, the Complaint before the court presents a plethora of potential grounds for such dismissal.

First, the Complaint is confusingly drafted and its narrative replete with language that makes no legal sense. Plaintiff's allegations regarding eugenics, the court of chancery, "jury trials for idiots," "separate but unequal courts," peonage, and so forth (see ECF No 1 at 3, 6, 10, 11, 13) are illustrative of the legal theories presented that almost certainly fail to state a claim for relief. Moreover, plaintiff seeks remedies that are unavailable as a matter of law, such as the criminal prosecution of various judges and state officials (id. at 15) and various accommodations in the context of an ongoing workers' compensation appeal (id. at 4-5; see also ECF Nos. 3, 16, 19).

Moreover, as to the claims against Home Depot, plaintiff was injured in 2003 and terminated in 2012. ECF No. 1 at 16, 41. Any claims arising out of plaintiff's employment are therefore very likely to be time-barred. To the extent that plaintiff is trying to establish liability on the part of a third party claims administrator (see id. at 5; see also ECF No. 17 at 1), that entity is not named as a defendant and claims against it might be subject to ERISA preemption. See 29 U.S.C. § 1144(a); Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983).

////

Plaintiff's putative claims against the State of California Workers' Compensation Appeals Board apparently involve ongoing agency proceedings, and are therefore likely barred in whole or in substantial part by the Younger abstention doctrine. See San Jose Silicon Valley Chamber of Commerce Political Action Comm. V. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008); Gilbertson v. Albright, 381 F.3d 965, 982, 984 (9th Cir. 2004) (en banc).

To be clear, the undersigned is not recommending dismissal on any of these bases, merely identifying problems with the Complaint. Dismissal is on the table because that Complaint was filed almost nine months ago, and no defendant has been properly served. Accordingly, the decision whether to dismiss without prejudice or to quash process lies within the court's discretion. Stevens, 538 F.2d at 1389. In light of the record as a whole the court should exercise its discretion to dismiss the action without prejudice.

### III.   Miscellaneous Matters

A. Plaintiff's Motion for Miscellaneous Relief (ECF No. 16)

1. Appointment of Counsel

Plaintiff has filed a second motion for appointment of counsel. ECF No. 16; see also ECF No. 17 at 2-5 (further argument in support of appointment). In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff relies heavily on her disabilities as a reason to appoint counsel, and may be arguing that various disability rights laws require such appointment. See ECF No. 16 at 2-4. However, it is well established that no right to counsel exists in the civil litigation context. Madden, 352 F.2d at 793. To the extent that plaintiff relies on Local Rule 202, this provides for the appointment of guardians ad litem, not the appointment of attorneys.

////

     Having considered the relevant factors, the court finds there are no exceptional circumstances in this case that would warrant the appointment of counsel. The present motion offers no facts that change the court's prior conclusion that no exceptional circumstances are present. See ECF No. 12 (order denying motion for appointment of counsel). The renewed motion therefore will be denied.

     2. Request for Communication in Writing

     Plaintiff asks that defendants communicate with her in writing. ECF No. 16 at 1. She complains that she has not heard from any of the defendants. Id. As explained above, no defendant has been properly served. Moreover, while pro se litigants are free to communicate with opposing counsel in any case (and vice versa), direct communication is only required by the court in specific circumstances not currently present here. Plaintiff has been served with documents that are filed in the case, including those filed by Home Depot, and the putative defendants are under no obligation to communicate with her otherwise.

     3. Motion for Guardianship

     The motion at ECF No. 16 also asks that this court "take plaintiff's copyhold" and become her guardian if the Workers' Compensation judge finds plaintiff incompetent. ECF No. 16 at 1, 3. There is no legal basis for such relief. To the extent that plaintiff relies on Local Rule 202, which provides for the appointment of guardians ad litem for minors and incompetents, the rule does not authorize the court to act as anyone's guardian. It simply requires that the lawyer for a minor or a person adjudged incompetent must seek formal appointment of a guardian ad litem. The court does not provide such guardians, it appoints the person proposed by counsel in order to ensure that person's ability to act on behalf of the minor or incompetent person. The motion will be denied.

    B. Plaintiff' Motion for ADA Accommodation

     Plaintiff has filed a motion seeking certain disability accommodations in relation to a medical examination that appears to be part of her workers' compensation case. ECF No. 18. This court does not have jurisdiction over any of the parties involved in that examination, and therefore cannot grant any form of injunctive relief. See Ruhrgas AG v. Marathon Oil Co., 526

U.S. 574, 584 (1999); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.1985).  The motion will accordingly be denied.

### C. Unauthorized First Amended Complaint

Plaintiff filed a First Amended Complaint on November 4, 2022.  ECF No. 22.  A plaintiff may amend as a matter of course within 21 days after service of a motion to dismiss.  Rule 15(a)(1)(B), Fed. R. Civ. P.  Home Depot's motion to dismiss was filed on September 12, 2022.  ECF No. 13.  Because the amended pleading was filed more than 21 days later, without prior leave of court, it will be stricken.  Should the assigned district judge reject the recommendation for dismissal, plaintiff may file a motion to amend at that time.

### IV. Pro Se Plaintiff's Summary

The magistrate judge is recommending to the district judge that your complaint be dismissed, because you did not timely serve the defendants with the summons along with the complaint as required.  You will have the opportunity to object in writing to this recommendation.

Your motion for appointed counsel is being denied because you have not shown that your case is extraordinary.  Your request for accommodations related to a QME is being denied because this federal court cannot involve itself in your ongoing workers' comp case.  Your amended complaint was filed too late and will be disregarded.

### V. Conclusion

It is HEREBY ORDERED as follows:

1. Plaintiff's motion for miscellaneous relief, ECF No. 16, is DENIED;
2. Plaintiff's motion for ADA accommodations, ECF No. 18, is DENIED; and
3. The First Amended Complaint, ECF No. 22, is STRICKEN.

It is FURTHER RECOMMENDED that

1. Home Depot's motion to dismiss, ECF No. 13, be GRANTED; and
2. The complaint, ECF No. 1, be DISMISSED without prejudice for lack of proper service; and
3. This case be CLOSED.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 9, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE